## Walter Mills, Appellee, v. Edwin S. Mason, Appellant.

### Gen. No. 17,986.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 9, 1913.

### Statement of the Case.

Bill in equity by Walter Mills against Edwin S. Mason and others to enjoin defendants from removing fixtures from a building covered by a mortgage and for an accounting and sale of the mortgaged premises. From a decree in complainant's favor, one of the defendants, Edwin S. Mason, appeals.

F. WILLIAM KRAFT, for appellant.

ARTHUR M. COX, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 393*—*when holder of part of notes may declare forfeiture.* Option clause in a trust deed giving holder of notes right to declare whole amount due in case of default in payments or waste, *held* to authorize a holder of a portion of the notes to exercise the option where another clause, referring to such option clause, shows that intention.

2. MORTGAGES, § 480*—*supplemental bill.* An original bill, insufficient because notice of default was not given before suit was

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

begun but sufficient to restrain defendant from committing waste, may be aided by a supplemental bill setting up subsequent service of such notice.

3. MORTGAGES, § 487*—*when defense not set up by cross-bill.* In proceeding by holder of the notes to foreclose, defendant claiming he is the equitable owner of such notes may set up such fact as a defense without a cross-bill

4. EQUITY, § 263*—*supplemental bill.* An original bill sufficient for one kind of relief prayed is a sufficient foundation for a supplemental bill for other and more extensive relief.

5. APPEAL AND ERROR, § 352*—*when party entitled to appeal after parting with his interest.* A party having disposed of his interest *pendente lite* may appeal where his grantees were not made defendants in his stead and he continues as the only party representing their interests.

6. APPEAL AND ERROR, § 1447*—*when dismissal of cross-bill harmless.* Error in dismissing a cross-bill is immaterial where the same facts contained therein were afterward set up in an answer and a full hearing was had upon the issues thus raised.

7. APPEAL AND ERROR, § 1041*—*when assignment of errors treated as a separate assignment.* An assignment of errors purporting to be made by all the defendants "jointly and severally" may be treated as a separate assignment where only one defendant appeals.